The facts in the case bearing upon the point of the assignment of the policy will appear from the opinion of the Court, which was drawn up by
Walton, J.
This is an action on an insurance policy, and it is objected that the plaintiff is not entitled to recover: 1. Because he had alienated the insured property; and 2. Because the policy was assigned without ratification.
We think the property was not alienated within the meaning of that word as used in the policy. Nor was the policy ever assigned.
The case shows that after the insurance was procured the plaintiff gave a deed of the property to Nathan Porter, but Porter, at the same time, gave back an instrument of defeasance, and the two together constituted but a mortgage; and "a mortgage of insured property is not an alienation.” *98 Pollard v. Insurance Co., 42 Maine, 221, and authorities there cited.
But it is contended that the conveyance cannot be regarded as a mortgage, because the instrument of defeasance was not seasonably recorded, and the decision in Tomlinson v. Insurance Co., 47 Maine, 232, is referred to as decisive against the plaintiff upon this point. But the cases are not alike. In that case (Tomlinson v. Insurance Co.,) the instrument of defeasance was never recorded. In this case it was recorded. In the former the question was as to the effect of an instrument of defeasance which was never recorded, while, in this case, the instrument, when introduced in evidence, - had been recorded, and the only question is whether it was seasonably recorded. In the former case the instrument, when introduced in evidence, not having been recorded, the Court could not know or assume that it ever would be, and could not therefore allow it to have the effect to convert a deed absolute upon its face into a mortgage. In this case the instrument of defeasance,'when introduced in evidence, had been recorded, and, as before remarked, the only question-is whether it was seasonably recorded. The cases therefore are not alike, and the decision in the former is not decisive against the plaintiff in this.
Was the instrument set up as a defeasance in this case seasonably recorded? We think it was. It was recorded before it was introduced in evidence, and before the rights of any third party had attached. At the time it was recorded, the title to the real estate was in all respects in the same condition as it was when the deed and the instrument of defeasance were executed. As between the parties to it, the instrument of defeasance wás effectual to convert the absolute deed into á mortgage without being recorded; and, being recorded .before the. rights of any third parties had attached, — in fact, before any change whatever had taken place in respect to the title of the real estate to which it related, the transaction, must always remain a mortgage, "not only as between the parties, but as to all the world.
*99 If an instrument of defeasance, recorded before it is introduced in evidence, and before the rights of any third party have attached, or the title to land has undergone any change whatever, is not seasonably recorded, the question naturally arises, within-what time should it be recorded? The difficulty at once felt in answering this question is a strong argument in favor of the conclusion to which we have arrived, that the instrument in this case was seasonably recorded, and that the objection to the plaintiff's right to recover on that account is not sustained.
Another objection to the plaintiff’s, right to recover is, that the policy had been assigned without the consent of the company. But this objection is not sustained by the evidence. It appears that the plaintiff procured an assignment to be written on the back of the policy, and sent it to the company for ratification, with directions to have the policy delivered to the assignee, in case the assignment should be ratified by the company, and, if not so ratified, to have it returned to him; and the assignment not being ratified by the company, the policy was returned to plaintiff. This was but an attempt to make an assignment, and failed for want of ratification by the company and delivery to the assignee. Such an attempt was not improper, and would not render the policy void. Judgment for plaintiff.
Cutting, Davis, Barrows and Danforth, JJ,, concurred.